# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7026 - ` | **DATE** | 5/2/2011 |
| **CASE TITLE** | Moore vs. Gaetz, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's petition for a writ of habeas corpus is denied and the case is terminated.. Because petitioner has not stated a valid claim of the denial of a constitutional right, and because reasonable jurists cannot disagree that most of his claims are procedurally defaulted, I decline to issue a certificate of appealability. Status hearing set for 5/27/11 is vacated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Petitioner's petition for a writ of habeas corpus is denied. He raises seven[1] claims for relief: 1) that the trial court violated his sixth and fourteenth amendment rights by declining to instruct the jury on second degree murder based on mutual combat; 2) that the trial court erred by declining to instruct the jury on self defense; 3) that the trial court denied him a fair trial by failing to answer a jury question relating to witness testimony; 4) that the firearm enhancement applied to his sentence violates the proportionality clause of the Illinois Constitution and is an improper double enhancement; 5) that his trial counsel was ineffective for failing to present exculpatory evidence after promising the jury during opening statements that he would do so; 6) that his trial counsel was ineffective for refusing to allow him to testify and for advising him not to testify; and 7) that the trial court violated his fifth amendment rights by failing to rule on a motion to suppress.

Claims one and two, which relate to jury instructions, assert errors of state law that are outside the scope of federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68, 71-72 (1991) ("federal habeas corpus relief does not lie for errors of state law," and "the fact that the [jury] instruction was allegedly incorrect under state law is not a basis for habeas relief"). Moreover, because plaintiff relied solely on state law when presenting claims one and two on direct appeal, any federal claim that could possibly be read into these claims in this forum is procedurally defaulted. *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) ("the petitioner must fairly present to each appropriate state court his constitutional claims before seeking relief in federal court"). Although claim three uses language that could be construed as suggesting a constitutional claim, this claim is likewise outside the scope of my review. First, although petitioner asserted on direct appeal that he was "denied a fair trial," his arguments and authorities cited only state law, and "vague or cursory references" to constitutional principles, without more, do not amount to "fair presentment" of a constitutional claim in state proceedings. *Verdin v. O'Leary*, 972 F.2d 1467, 1475 (7th Cir. 1992). Second, petitioner concedes that he did not raise claim three throughout one complete round of state proceedings.[2] His claim is procedurally defaulted for both of these

## STATEMENT

reasons, even assuming–though it is far from clear–that it now asserts a cognizable federal claim.

Claim four, which challenges the firearm enhancement to defendant's sentence, is non-cognizable on federal habeas review because it explicitly rests, both here and in the state proceedings, on the Illinois constitution and state statutory law.

Claims five and six both assert ineffectiveness of trial counsel. Petitioner raised these claims in his post-conviction petition and pursued claim five (but not claim six, as noted below) throughout a complete round of proceedings. The state courts all found the claims to be without merit. The Illinois Appellate Court analyzed the claims at length, applied the correct standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that petitioner could not show that he had been prejudiced as a result of his counsel's allegedly deficient performance. Respondent is correct that because the state courts adjudicated petitioner's ineffective assistance of counsel claim on the merits, my review is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). Petitioner has not established that the Illinois Appellate Court's decision was either contrary to, or an unreasonable application of, clearly established federal law. Claim five fails for this reason. Although claim six suffers from the same infirmity, because petitioner did not raise it on his PLA to the Illinois Supreme Court, it is procedurally defaulted and fails on that basis.

Finally, claim seven, which petitioner did not raise at any stage of either his direct or collateral state appeals, is outside the scope of my review for that reason alone,[3] and also because it appears to assert no Constitutional claim.

Petitioner's petition is denied for all of the foregoing reasons. Because petitioner has not stated a valid claim of the denial of a constitutional right, and because reasonable jurists cannot disagree that most of his claims are procedurally defaulted, I decline to issue a certificate of appealability.

---

1. Petitioner's petition actually identifies eight claims, but the eighth claim generally restates and expands upon the factual basis for claims five and six.

2. Petitioner states in his petition that the reason this claim was not raised throughout a complete round of state proceedings is that his appellate counsel was ineffective. Because he has not, however, raised ineffective assistance of appellate counsel as an independent constitutional claim, he cannot establish the "cause" required to excuse the procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[A] claim of ineffective assistance....generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986) (alteration in Edwards)).

3. Petitioner's argument that this is due to his appellate counsel's ineffectiveness is meritless, as discussed in n. 2 above.